UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LEE HAMMETT

    Plaintiff,

v.                                                         Case No. 14-2540

AMERICAN QUEEN STEAMBOAT
OPERATING COMPANY, LLC F/K/A
GREAT AMERICAN STEAMBOAT
COMPANY, LLC

    Defendant.

---

## COMPLAINT

---

The Complaint of plaintiff Lee Hammett against defendant American Queen Steamboat Operating Company, LLC, formerly known as Great American Steamboat Company, LLC respectfully represents as follows.

1.    Plaintiff Lee Hammett is an adult citizen of the State of Arkansas.

2.    Defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, is a Delaware Limited Liability Company, with its principal place of business in Memphis, Tennessee, within the jurisdiction of this Honorable Court.

3.    This action arises under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law.  Plaintiff hereby designates his claims against defendant as admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. At all material times hereto, including on May 31, 2012, plaintiff Lee Hammett was employed by defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, as a head waiter and seaman/member of the crew of the steamboat (S/B) AMERICAN QUEEN and was acting in the course and scope of his employment with defendant.

5. At all material times hereto, including on May 31, 2012, the S/B AMERICAN QUEEN was owned and/or operated by defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC.

6. On May 31, 2012, plaintiff Lee Hammett, while in the course and scope of his employment with defendant, slipped and fell on a wet floor in the galley/kitchen of the S/B AMERICAN QUEEN.

7. The galley floor in the area where plaintiff Lee Hammett fell was wet because American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, chose to locate tea and coffee dispensers next to the main walkway entrances in the galley where plaintiff fell – instead of a less frequented area – which resulted in an ongoing wet-floor problem and failed to keep the galley floor in this area dry.

8. In fact, before his fall, plaintiff Lee Hammett complained to his supervisor, on more than one occasion, about the wet floor problem, but the tea and coffee dispensers were not moved to a less frequented area nor were any actions taken by defendant before plaintiff's fall to eliminate, or, alternatively, minimized/reduce the risk of harm to plaintiff and other crewmembers caused by this unsafe and dangerous condition.

9. Plaintiff Lee Hammett's fall and resulting injuries were not caused by any want of due care on his part, but were caused solely by the negligence of defendant American Queen

Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC under the Jones Act and the unseaworthiness of defendant's vessel the S/B AMERICAN QUEEN, in the following particulars, among others which will be shown at the trial of this matter.

    a)    By failing to provide plaintiff with a safe place to work;

    b)    By having a wet slippery floor in the galley;

    c)    By failing to keep the galley floor in this area dry;

    d)    By failing to clean up all spilled liquids in this area immediately;

    e)    By consciously choosing to locate the ice tea and coffee dispensers next to main walkway entrances in the galley, which resulted in the frequent spillage of liquids onto the walkway;

    f)    By failing to identify the risk of harm to crewmembers caused by the positioning of the ice tea and coffee dispensers adjacent to the walkway;

    g)    By failing to eliminate the cause of the wet floor as requested;

    h)    By failing to minimize or reduce the risk of harm and/or warn against it, if it could not be eliminated for same legitimate reason;

    i)    By needlessly or unnecessarily endangering plaintiff and other crewmembers;

    j)    By consciously refusing to follow defendant's own safety rules.

10. As a result of his fall on May 31, 1012, plaintiff Lee Hammett sustained severe, painful, permanent and/or disabling injuries and/or the aggravation or worsening of pre-existing conditions or injuries to his back, neck, right hip and right ankle, among other injuries which will be shown at trial and, as a result, has experienced bladder, bowel and sexual dysfunction.

11. As a result of the foregoing, plaintiff Lee Hammett is entitled to recover damages from defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American

Steamboat Company, LLC, in an amount that is reasonable in the premises for the following: past, present and future pain and suffering, both physical and mental; permanent disabilities; loss of life's pleasures and enjoyment; loss of past, present and future earnings, earning capacity and benefits; and/or past, present and future medical and related expenses.

12. As asserted hereinabove, American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC knew that the tea and coffee dispensers located next to the walkway caused the walkway in this area to be wet, which created an ongoing unseaworthy condition and a high degree of risk of harm to workers such as plaintiff who were required to traverse this area. However, in conscious disregard of, or indifference to, that risk of harm, defendant failed to act, to eliminate this unseaworthy condition and risks of harm, despite requests to do so, which resulted in plaintiff's fall and resulting serious injuries. Accordingly, plaintiff is also entitled to recover punitive damages from defendant in an amount that is reasonable in the premises, within the discretion of the Court, in accordance with law, for its willful, wanton and/or reckless disregard for the safety of plaintiff in failing to provide a seaworthy vessel as required under the General Maritime Law.

13. In addition, as a seaman who was injured in the course and scope of his employment with defendant, plaintiff is entitled to recover/receive from defendant maintenance – at the rate of at least $35.00 per day - and cure. Plaintiff is also entitled to recover found from defendant..

14. Defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, has failed to pay plaintiff the maintenance and cure to which he is entitled and is willful and wanton in this regard. Therefore, plaintiff is also entitled to recover punitive damages, including but not limited to attorney's fees, costs, and damages

incurred as a result, from American Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, for its willful and wanton failure to pay maintenance and cure, in an amount that is justified by the law and facts herein.

**WHEREFORE**, plaintiff Lee Hammett prays:

1. That proper service issue and be served upon the defendant requiring it to answer plaintiff's Complaint;

2. That there be judgment herein in his favor and against defendant American Queen Steamboat Operating Company, LLC, f/k/a Great American Steamboat Company, LLC, in an amount that is reasonable in the premises, which will fully and completely compensate plaintiff for all of the damages and losses that he has sustained and will sustain as a result of the injuries caused by the incident in question, together with legal interest thereon from the date of plaintiff's fall (or, alternatively, from the date of judicial demand) until paid and for all costs of these proceedings.

3. For maintenance of at least $35.00 per day and cure and found;

4. For punitive damages in an amount that is reasonable in the premises, within the discretion of the court for defendant's willful and wanton failure to provide a seaworthy vessel to plaintiff;

5. For punitive damages, including but not limited to attorney's fees, costs, and damages incurred, as a result of defendant's willful and wanton, failure to pay maintenance and/or cure to or on behalf of plaintiff to which he is entitled; and

6. For all general and equitable relief.

Respectfully Submitted,

/s/ Donald A. Donati
**DONALD A. DONATI – 8633**
**WILLIAM B. RYAN – 20269**
**BRYCE W. ASHBY – 26179**
**DONATI LAW, PLLC**
1545 Union Avenue
Memphis, Tennessee 38104
Telephone:    (901) 278-1004
Email: Don@donatilaw.com

AND

**TERRENCE J. LESTELLE – LSBA No. 8540**
**LESTELLE & LESTELLE, APLC**
3421 N. Causeway Blvd.
Suite 602
Metairie, Louisiana  70002-3726
Telephone:    (504) 828-1224
Email: lestelle@lestellelaw.com
(Applicant for Pro Hac Vice admission)

**Attorneys for Plaintiff LEE HAMMETT**